IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                                CRIMINAL NO. 2:06-00069-01

PAULA DRAKE

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the government's "Motion for Order Directing Assignment to Magistrate Judge _____ For Purposes of Conducting the Examination of the Judgement Debtor" and "Motion for Order Requiring Examination of Judgment Debtor's Husband". (ECF Nos. 173 and 175). According to the motions, the government seeks to recover defendant's unpaid restitution obligation. The government asserts that it is proceeding pursuant to Federal Rule of Civil Procedure 69. That rule provides:

**Rule 69. Execution**

    **(a) In General**.

        **(1) Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

        **(2) Obtaining Discovery**. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Other than invoking Rule 69, the government does not cite to any other federal or state rule or statute that provides for the relief sought.  This makes it impossible to determine whether the government has complied or is complying with the operative federal or state rule or statute upon which it is proceeding, as required by Fed. R. Civ. P. 69.  See, e.g., United States v. Habowicz, Criminal No. 00-cr-42-JD, 2010 WL 4116857, *1 (D.N.H. Oct. 19, 2010) ("The government cites Rule 69(a) and New Hampshire Revised Statutes Annotated § 524:6—a as the applicable authority for the government's requested action.  In the absence of a more developed motion that addresses both the terms of the judgment and the applicable law, the government has not demonstrated that it is authorized to proceed as its motion represents. . . .  The government's mere citation to Rule 69(a) and RSA 524:6—a is insufficient to establish that it is entitled to an order compelling post judgment discovery and a hearing.").  For example, is the government proceeding under the Federal Debt Collection Procedures Act of 1990 (FDCPA)?  See United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) ("The Federal Debt Collection Procedures Act of 1990 (FDCPA) sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution."(internal citations

omitted)).  Or, is the FDCPA inapplicable?  See United States v. Idema, 118 F. App'x 740, 744 n.5 (4th Cir. Jan. 4, 2005) ("Idema also argues that the government is not authorized to recover restitution on behalf of private victims because the Federal Debt Collection Procedures Act ("FDCPA") allows the government to seek recovery only of a debt 'owing to the United States.'  This argument lacks merit because it ignores the government's separate authority under the VWPA to enforce restitution orders on behalf of private victims.  Moreover, the FDCPA specifically provides that it 'shall not be construed to curtail or limit the right of the United States under any other Federal law.'" (internal citations omitted)).  Or, is the government relying on state law? See, e.g., United States v. Samarah, 2008 WL 11340366, at *3 (C.D. Cal. May 28, 2008).  The government needs to answer these questions in order to provide enough information: (1) for the court to determine whether to assign the case to a magistrate judge for further proceedings; and (2) if such an assignment occurs, provide guidance for the magistrate judge as to how to proceed.[*]

The government's motions are **DENIED** without prejudice.

---

[*] The court agrees that the government may proceed under the criminal case number and need not file a new civil action.  See Mays, 430 F.3d at 966; United States v. Scarboro, 352 F. Supp. 2d 714, 716 (E.D. Va. 2005).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, defendant, and the Probation Office of this court.

IT IS SO ORDERED this 4th day of February, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge